UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FILIBERTO QUIROGA,

    Petitioner,

v.                            Case No: 2:15-cv-12-FtM-29MRM

FLORIDA ATTORNEY GENERAL and
SECRETARY, DOC,

    Respondents.
_____

## OPINION AND ORDER

Petitioner Filiberto Quiroga ("Petitioner" or "Quiroga"), initiated this action by filing a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. #1, "Petition") on January 6, 2015.[1] Pursuant to the Court's Order to respond and show cause why the Petition should not be granted (Doc. #7), Respondent filed a Limited Response (Doc. #17, Response) on

---

[1] The Court deems a petition "filed" by an inmate when it is delivered to prison authorities for mailing. Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001). Absent evidence to the contrary, the date of filing is assumed to be the date the inmate signed the document. Id. If applicable, the Court also gives a petitioner the benefit of the state's mailbox rule with respect to his state court filings when calculating the one-year limitations period under 28 U.S.C. § 2244(d). Under Florida's inmate "mailbox rule," Florida courts "will presume that a legal document submitted by an inmate is timely filed if it contains a certificate of service showing that the pleading was placed in the hands of prison or jail officials for mailing on a particular date, if . . . the pleading would be timely filed if it had been received and file-stamped by the Court on that particular date." Thompson v. State, 761 So. 2d 324, 326 (Fla. 2000).

February 3, 2016, incorporating a motion to dismiss the Petition on the grounds that the Petition is time-barred pursuant to 28 U.S.C. § 2244(d).[2] Respondent submits exhibits (Exhs. 1-27) in support of the Response. See Appendix of Exhibits (Doc. #19).

---

[2] On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter AEDPA). This law amended 28 U.S.C. § 2244 by adding the following new subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner filed a Reply to the Response (Doc. #18, Reply). For the reasons that follow, the Court finds the Petition is due to be dismissed as time-barred.

Quiroga challenges his July 20, 2009 plea-based conviction of second degree murder and attempted robbery with a firearm entered by the Twentieth Circuit Court, Lee County, Florida (case number 07-cf-184B). Quiroga was sentenced to life on the second-degree murder conviction. Petition at 1; Response at 3. Quiroga's sentences and conviction were *per curiam* affirmed on direct appeal on **March 25, 2011.** Exh. 4. Consequently, Quiroga's state conviction became final on **Thursday, June 23, 2011.** See 28 U.S.C. § 2244(d)(1)(A) and Rule of the Supreme Court of the United States, Rule 13.3 (ninety days after entry of the judgment or order sought to be reviewed).[3] This was <u>after</u> the April 24, 1996, effective date of the AEDPA. Thus, Petitioner's one-year time period for filing a federal habeas challenging his conviction expired on **Monday, June 25, 2012.**[4] Consequently, the Petition filed in this

---

[3] A conviction is deemed final upon "the conclusion of direct review or the expiration of the time for seeking such review." 20 U.S.C. § 2244(d)(1)(A). For purposes of direct review, Supreme Court Rule 13.3 states, in pertinent part, that "[t]he time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate[.]"

[4]Applying "anniversary date of the triggering event." <u>Downs v. McNeil</u>, 520 F.3d 1311, 1318 (11th Cir. 2008). Because June 23,

Court on January 6, 2015, would be untimely, unless Petitioner availed himself of one of the statutory provisions that extends or tolls the time period.

Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the time that "a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." Here, **438 days** of the federal limitations period elapsed before Petitioner filed his first state post-conviction motion - - a motion pursuant to Florida Rule of Criminal Procedure 3.800(a) filed on **June 5, 2012**. See Exh. 6. Thus, Petitioner filed his first Rule 3.800 Motion after the federal one-year limitations period had expired. "Once the AEDPA's limitations period expires, it cannot be reinitiated." Davis v. McDonough, No. 8:03-CV-1807-T-27TBM, 2006 WL 2801986, *4 (M.D. Fla. Sept. 27, 2006) (citing Tinker v. Moore, 255 F.3d 1331, 1333-34 (11th Cir. 2001), cert. denied, 534 U.S. 1144 (2002)). Consequently, Petitioner's first Rule 3.800 Motion "filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled." Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2001). Thus, the instant Petition is time-barred.

---

2012 fell on a Saturday, the Court calculated the deadline to fall on the closest Monday.

Under § 2244(d)(1)(D), the one-year limitations period may run from the date on which, as a result of exercising due diligence, the petitioner could have discovered the factual predicate of the claim or claims presented. 28 U.S.C. § 2244(d)(1)(D). Petitioner makes no claim to equitable tolling. Further, Petitioner is not entitled to equitable tolling as discussed in Holland v. Florida, ___ U.S. ___, 130 S. Ct. 2549, 2560 (2010). A petitioner is entitled to equitable tolling only if he can demonstrate that: (1) he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. Id. at 2562 (internal quotations and citations omitted). "The diligence required for equitable tolling purposes is 'reasonable diligence,' not maximum feasible diligence." Id. at 2565. Further, to demonstrate the "extraordinary circumstance" prong, a petitioner "must show a causal connection between the alleged extraordinary circumstances and the late filing of the petition." San Martin v. McNeil, 633 F.3d 1257, 1267 (11th Cir. 2011). The petitioner bears the burden of establishing that equitable tolling applies. Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002). Petitioner does not make such a showing.

Based upon the foregoing, the Court finds the Petition is time-barred and finds Petitioner has not demonstrated a justifiable reason why the dictates of the one-year limitations

period should not be imposed upon him. Therefore, the Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

ACCORDINGLY, it is hereby

**ORDERED**:

1. The § 2254 Petition for Writ of Habeas Corpus (Doc. #1) is **DISMISSED,** with prejudice, as time-barred.

2. The **Clerk of Court** shall enter judgment dismissing this case with prejudice, terminate any pending motions and deadlines, and close this case.

**CERTIFICATE OF APPEALABILITY AND**

**LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED**

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability. A prisoner seeking to appeal a district court's final order denying his petition writ of habeas has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Harbison v. Bell, 556 U.S. 180, 183 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) or, that "the issues presented were adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S.

322, 335-36 (2003)(citations omitted). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Fort Myers, Florida on this __7th__ day of September, 2017.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: ftmp-1
Copies: All Parties of Record